IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERSON CARNALLA-RUIZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-CV-878-SMY |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Gerson Carnalla-Ruiz is currently confined in the Lawrence Correctional Center in Sumner, Illinois. He filed the instant case pursuant to 28 U.S.C. §2241 to challenge the constitutionality of his confinement.[1] Carnalla-Ruiz asserts that he is a pretrial detainee and was subjected to a warrantless arrest, compelled to make incriminating statements, and subjected to an unconstitutional trial. He further claims that the Illinois Court of Appeals erred in its consideration of his appeal and that he has been subject to harassment and lack of medical care while incarcerated. He seeks a complete review of his case and immediate release from incarceration.

This matter is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] Petitioner filed a motion to transfer this case to the Northern District of Illinois (Doc. 7). However, venue for a § 2241 petition is appropriate in this district because Petitioner is incarcerated in this district. *Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019) ("If relief under [Section] 2241 is available at all, it must be sought in the district of incarceration."); *See also Kholyavskiy v. Achim*, 443 F.3d 946, 951 (7th Cir. 2006) ("We [have] interpreted 28 U.S.C. § 2241, which gives district courts the power to grant writs of habeas corpus 'within their jurisdictions,' to mean that the only proper venue . . . is the federal district in which the petitioner is detained.").

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. Upon preliminary review, the Court concludes that this case should be dismissed.

## Procedural Background

Carnalla-Ruiz was convicted of three counts of predatory criminal sexual assault on a child and sentenced to a total term of 40 years imprisonment on August 7, 2009. *People v. Carnalla-Ruiz*, 2013 WL 2444149 (Ill. App. Ct. June 3, 2013). His conviction and sentence was affirmed on direct appeal, *Id.*, leave to appeal was denied by the Illinois Supreme Court, *People v. Carnalla-Ruiz*, 3 N.E.2d 797 (Ill. 2014) (table), and a writ of certiorari was denied by the United States Supreme Court on October 6, 2014. *Carnalla-Ruiz v. Illinois*, 574 U.S. 947 (2014) (mem).

While his motion for leave to appeal was pending before the Illinois Supreme Court, Carnalla-Ruiz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Northern District of Illinois on August 12, 2010. *Gerson-Ruiz Carnalla v. Donald Gaetz*, 1:10-cv-5073 (N.D. Ill.). That case was dismissed without prejudice on August 20, 2010 with leave to refile within 90 days of termination of the state court proceedings. *Id*. On December 11, 2020, Petitioner filed a document in his §2254 case indicating that he intends to reinstate it and that he anticipates that this case will be transferred to the Northern District of Illinois.

## Discussion

Carnalla Ruiz's claims should either be brought under § 2254 or 42 U.S.C. §1983 – not § 2241 – as his challenge to pretrial proceedings became moot once he was found guilty and judgment was entered. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (holding that § 2241 is the appropriate vehicle for a pretrial detainee to challenge his pretrial detention, which

becomes moot upon conviction). As such, the appropriate vehicle to challenge his conviction and sentence is § 2254. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (stating that a petitioner must proceed under §2254 "as long as the person is in custody pursuant to the *judgment* of a state court" and not in custody for some other reason (emphasis in original)). Moreover, to the extent that Carnalla-Ruiz is challenging the conditions of his confinement, such claims must be brought pursuant to 42 U.S.C. § 1983. *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (holding that if a prisoner is challenging the conditions of his confinement, rather than the fact of confinement, then his remedy is under civil rights law).[2]

## Disposition

For the foregoing reasons, the Motion to Transfer Case is **DENIED** (Doc. 7) and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice. To the extent Petitioner seeks relief regarding the conditions of his confinement, those requests are **DISMISSED** without prejudice to any separate action he wishes to bring. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed.R.App.P. 4(a)(1)(B). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline.

---

[2] Given the hybrid nature of the § 2241 petition, the possible availability of certain tolling rules, and the direction for Petitioner to refile his § 2254 petition in the Northern District of Illinois, the undersigned declines to simply convert or recharacterize his §2241 petition. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002).

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner intends to present on appeal. Fed.R.App.P. 24(a)(1)(C). If Petitioner is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. Fed.R.App.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  July 21, 2021**

**STACI M. YANDLE**
**United States District Judge**